UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ESTATE OF PAMELA FAYE      PLAINTIFF(S)

v.      CIVIL ACTION NO. 3:09-CV-157-S

MICHAEL B. MATHIS      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court upon the motion of plaintiffs April and Amanda Pinkson, individually, and as co-administratrix of the Estate of Pamela Faye, Deceased ("Plaintiffs"), to remand this case to the Jefferson County Circuit Court (DN 8). Defendant Michael B. Mathis ("Mathis") has responded (DN 9) and Plaintiffs have replied (DN 11). For the reasons that follow, Plaintiffs' motion will be denied.

Defendant has removed this matter from Jefferson Circuit Court pursuant to 28 U.S.C. § 1441(a) on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). An action may be removed to this court pursuant to Section 1441 only if the court would have had original subject matter jurisdiction. Under Section 1332, the court has original jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. It is undisputed that this matter exceeds $75,000. However, Plaintiffs argue that diversity of citizenship is lacking. Specifically, Plaintiffs allege that Mathis has misled this court by claiming that he is a citizen of Indiana when, in fact, he is a citizen of Kentucky. Mathis maintains that he is a citizen of Indiana, Plaintiffs are not citizens of Indiana,[1] and there is no basis for remanding this matter to the Kentucky Court.

Plaintiffs allege that Mathis is now a citizen of Kentucky, and was so both when the

---

[1] It is undisputed that no plaintiff is a citizen of Indiana.

Complaint was filed and when the incident giving rise to this action occurred.[2] In support of their contention, Plaintiffs point to a certified copy of the Clark County Sheriff's Indiana Officer's Standard Crash Report, dated 12/05/2008, which identifies Mathis' address as 8809 Charging Cross Road, Louisville, Kentucky. *Motion to Remand*, Exhibit 1, p. 4. Plaintiffs also point to the fact that Mathis has a Kentucky driver's license, which is *prima facie* evidence that Mathis is a *resident* of Kentucky pursuant to KRS 186.010(12).[3] *Id*. Mathis' vehicles are registered in Kentucky. *Id*. In addition, Mathis is licensed in and practices dentistry exclusively in Kentucky.

Although Plaintiffs filed the instant motion to remand, Mathis bears the burden of showing that the court has original jurisdiction to hear this case, and all doubts as to whether removal is proper will be resolved in favor of remand to state court. *Union Planters Nat'l Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977); *Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989); *Young v. Bailey Corp.*, 913 F. Supp. 547, 550 (E.D. Mich. 1996). Mathis must satisfy his burden by a preponderance of the evidence.

Mathis must prove that he is a citizen of Indiana. "Citizenship for purposes of 28 U.S.C. § 1332(a) means domicile rather than residence." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). "To acquire a domicile within a particular state, a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Id* (citations omitted). Mathis has submitted an unrefuted affidavit stating that he has owned a home and resided in Indiana since 1992, and has resided at his present home located at 6514 Longview Beach Road, Jeffersonville, Indiana since 1998. *Response*

---

[2] Plaintiffs allege that Mathis "ran over and killed" Pamela Faye. *Complaint*, ¶ 5.

[3] Chapter 186 of the Kentucky Revised Statutes governs Licensing of Motor Vehicles, Operators and Trailers. KRS 186.010 provides Definitions for KRS 186.010 to 186.640.

*to Motion to Remand*, Exhibit 1, Affidavit of Mathis, ¶ 5. The affidavit further states that Mathis intends to be an Indiana citizen and resident for the indefinite future and has no plans to make his home elsewhere. *Id*. at ¶ 6. Were his affidavit the only evidence weighing against Plaintiffs' contention that Mathis is a citizen of Kentucky, not Indiana, there may be some question as to whether Mathis has satisfied his burden. However, Mathis' testimony is bolstered by the fact that he is (and was at all relevant times) registered to vote in Indiana, and files (and did at all relevant times file) his income taxes in Indiana, not Kentucky. Moreover, while they are not binding on this court, the court finds the Clark County Circuit Court's (Indiana) Findings of Fact in connection with Mathis' 2005 divorce proceedings to be both revealing and persuasive. Based on its findings of fact, the Clark Circuit Court concluded that Mathis was a resident of Indiana as a matter of law. The Indiana Court did not undertake to determine whether Mathis was a citizen of Indiana as a matter of law, as well, however this court has no doubt the inquiry would have been answered in the affirmative.

Thus, while Mathis may own a residence, or even multiple residences, in Kentucky, the law recalls the popular refrain that a house is not a home. Similarly, while Mathis' vehicles may be registered in Kentucky, cars by nature do not betoken permanence. Mathis' Kentucky driver's license may constitute *prima facie* evidence that Mathis is a resident of Kentucky, though that is not the question here, and even then the presumption is rebuttable. The fact that Mathis works in Louisville, the hub of a bi-state metropolis of well over a million people, is hardly compelling evidence that Mathis is a citizen of Kentucky. *See*, *Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir. 1972). Mathis has shown by a preponderance of the evidence that he is now and was at all relevant times to the issue of diversity in this matter a citizen of Indiana. Therefore, the court has diversity jurisdiction of this action.

For the above reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDRED AND ADJUDGED** that Plaintiffs' motion to remand is **DENIED** and this matter shall continue forward in this case as previously scheduled.

**IT IS SO ORDERED**.