UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


ESTATE OF PAMELA FAYE, by and through
APRIL PINKSON and AMANDA PINKSON,
Co-Administratrix, et al.                                              PLAINTIFFS


v.                                                        CIVIL ACTION NO. 3:09CV-157-S


MICHAEL B. MATHIS                                                      DEFENDANT


## MEMORANDUM OPINION AND ORDER

  This action arose from an unfortunate public confrontation between the decedent, Pamela Faye and her former boyfriend, Michael Mathis, at the Conservation Club ("the club") in Clark County, Indiana on the night of December 6, 2008. The Estate of Pamela Faye and Faye's adult daughters (collectively, "the Estate" or "plaintiffs") have filed wrongful death and loss of consortium claims against Mathis.

  Presently before the court are various motions for partial summary judgment which seek to define the contours of the claims herein.

  It is undisputed that Mathis entered the club with a female companion. After seeing Mathis there, Faye allegedly confronted him and grabbed him around the neck and stated that she intended to "hurt him" (Ferree Depo., p. 11) or "f___ [him] up." (Mathis Depo., p. 52). Mathis purportedly pushed her away, stated "get off of me," and left the building, getting into his pick up truck parked in the club's dimly-lit parking lot. Mathis' companion had not left the building with him, as she had apparently also been confronted by Faye at the door. Mathis claims that he moved his vehicle toward to the front of the building to find her, but Faye allegedly came outside and walked toward

front of his vehicle, and beat her fists on the hood. Mathis purportedly backed the truck up as far as possible in the parking lot. Faye allegedly came around the driver's side of the truck, beat on the window and tried to open the door at which time Mathis sped out of the parking lot and went to his home a short distance away. Faye was discovered injured in the parking lot. Faye subsequently died. There is, at present, nothing in the record before this court documenting the date or cause of death. However, the plaintiff concedes that Faye died as a result of injuries she sustained in the accident. (Mathis' Motion for Partial Summary Judgment (DN 62), p. 3).

I.

Mathis has moved for partial summary judgment on the ground that Indiana law limits the damages that can be recovered in a wrongful death action. He asserts that, as he has conceded that Faye died from injuries sustained in the accident, all personal injury damages are precluded, and the Estate is limited to damages allowed by the Indiana wrongful death statute, IC 34-23-1-2.

IC 34-23-1-2(c)(3) limits damages for the loss of Faye's love and companionship to an aggregate sum of $300,000.00. IC 34-23-1-2(c)(2)(B) bars punitive damages, and IC 34-23-1-2(c)(3)(G) bars a recovery for lost earnings.

While the plaintiffs maintain the right to appeal the court's earlier ruling that Indiana law applies in this action, they agree that Indiana law imposes these limitations on their claims.

Therefore, the **motion for partial summary judgment (DN 62) is GRANTED to the extent that Mathis seeks to limit the recovery of damages to those provided for by the Indiana wrongful death statute IC 34-23-1-2**.

II.

Mathis also urges that recovery is precluded if a jury finds that Faye's contributory fault in causing her own injuries was greater than his own; that is, if Faye is assigned greater percentage of fault. The plaintiffs have not responded to this assertion. Instead, they have filed their own motion for partial summary judgment seeking to preclude a finding of comparative fault, on the ground that Mathis has insufficient proof to support such an affirmative defense (DN 97). We will address Faye's motion separately herein. However, there appears to be no dispute that IC 34-51-2-6(a) provides that "...the claimant is barred from recovery if the claimant's contributory fault is greater than the fault of all persons whose fault proximately contributed to the claimant's damages." **To the extent that Mathis seeks affirmation that this is a correct statement of Indiana law, the motion for partial summary judgment (DN 62) is GRANTED.**

III.

Finally, in their response to the motion for partial summary judgment concerning damages, the plaintiffs stated that Indiana law permits recovery of medical and burial costs, and attorney fees and costs of litigation. While the plaintiffs have demanded medical and funeral expenses in their complaint, we note that $30,277.37 for medical expenses and $10,371.24 for funeral expenses was ordered to be paid in restitution when the court entered judgment of conviction for the crimes to which Mathis pled guilty in Indiana. These expenses, of course, may not be recovered twice. **The propriety of an award of attorney fees and costs will be taken up at the conclusion of the case.**

IV.

The Estate has moved for partial summary judgment regarding expected allegations that Faye was contributorily at fault for her injuries and subsequent death. (DN 87). The plaintiffs contends that there is no evidence to support a finding of any fault on the part of Faye.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

There is evidence in the record concerning Faye's angry pursuit of Mathis out of the club and into the parking lot, and her attempt to prevent his vehicle from leaving. (Ferree and Mathis depos.). There is evidence that at some point Faye moved to the side of his vehicle and was attempting to

open the driver's side door. (Mathis depo.). There is also evidence that, after she was injured, Faye stated that Mathis had run over her. (Ferree depo.).

There is no doubt that Faye had a duty to act as a reasonably prudent person under the circumstances for her own protection. *See, Van Dayn v. Cook-Teague*, 694 N.E.2d 779, 781 (Ind.App. 1976). There are facts of record the veracity and significance of which a jury may evaluate to determine whether Faye unreasonably place herself in harm's way, or whether, under the circumstances, she had no opportunity to protect herself from Mathis' reckless act. **The motion for partial summary judgment regarding comparative fault (DN 87) is DENIED.**

V.

The plaintiff has moved for partial summary judgment regarding offensive collateral estoppel (DN 71). The parties agree that, as a general rule, collateral estoppel precludes the relitigation of issues or facts which were adjudicated in a prior action. *Tofany v. NBS Imaging Sys., Inc.*, 616 N.E.2d 1034, 1037 (Ind. 1993), *citing Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). The plaintiffs seek to recover for wrongful death by proving that Faye's death was caused by the wrongful act or omission of Mathis. IC 34-23-1-2(b). The plaintiffs seek by this motion to preclude Mathis from denying liability for wrongful death by virtue of his entry of a guilty plea to charges of criminal recklessness (IC 35-42-2-2), leaving the scene of an accident involving injury (IC 9-26-1-1), and public intoxication (IC 7.1-5-1-3). They contend that the crimes to which he pled guilty and admissions made in the guilty plea colloquy mandate that Mathis be estopped to deny liability for wrongful death.

Mathis' plea of guilty to criminal recklessness in violation of IC 35-42-2-2 estops him from denying that he knowingly or intentionally created a substantial risk of bodily injury to Faye. He is also estopped from denying that his conduct, in fact, resulted in injury to Faye. Additionally, Mathis has admitted that Faye's death resulted from the injuries she sustained in the accident. (DN 62, p. 3).

Mathis admitted during the guilty plea colloquy that he drove recklessly and that his conduct caused injury to Faye and violated Indiana law, and thus he is precluded from denying these facts. However, Mathis' plea of guilty to criminal recklessness does not equate to an admission of liability for wrongful death.

Under Indiana law, a recovery for wrongful death is precluded when a claimant's contributory fault exceeds the fault of all persons whose fault proximately contributed to the claimant's damages. IC 34-51-2-6(a). The court has declined under the facts of this case to preclude Mathis from asserting that Faye's actions contributed in causing her injuries and death. Thus causation is in issue, and the matter of liability under the wrongful death statute remains an open question.

The plaintiffs also urge that Mathis' guilty plea to leaving the scene of an accident involving an injury, in violation of IC 9-26-1-1 must estop him from denying that he knew Faye was injured when he left the scene.

In the guilty plea colloquy, Mathis admitted that he pulled away at a high rate of speed knowing that there was a pedestrian nearby, and that the act did result in injuries to Faye. Mathis did not admit that he knew that Faye was injured when he drove off. Rather he admitted that his

reckless conduct did, in fact, result in the injuries to Faye. He did not admit to liability for wrongful death thereby.

Finally, Mathis' guilty plea to public intoxication, in violation of IC 7.1-5-1-3 has not been shown to be relevant to the claims in this case. In the guilty plea colloquy, Mathis admitted to going home from the scene, consuming alcohol, and then proceeding to a public place. All of this took place after the accident, however. Mathis is estopped to deny these facts, but they do relate to the wrongful death or consortium claims.

**The motion for partial summary judgment regarding offensive collateral estoppel (DN 71) is GRANTED to the extent that it seeks to estop Mathis from denying that (1) he drove recklessly, (2) he injured Faye, (3) he left the parking lot where Faye was injured, (4) he consumed alcohol at home and went to a public place intoxicated, and (5) he pled guilty to violations of Indiana law in engaging in these acts. In all other respects, the motion is DENIED.**

**IT IS SO ORDERED.**

March 14, 2012

**Charles R. Simpson III, Judge
United States District Court**